UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUDITH WILSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MASSACHUSETTS DEPARTMENT ) <br> OF CHILDREN AND FAMILIES, ) <br> ) <br> Defendant. ) | Civil Action No. <br> 24-11442-FDS |

## MEMORANDUM AND ORDER

**SAYLOR, C.J.**

This case involves the termination of a state employee who declined vaccination based on her religious beliefs.  Plaintiff Judith Wilson, acting *pro se*, contends that the Massachusetts Department of Children and Families violated her rights under the First and Fourteenth Amendments of the U.S. Constitution through a policy that required her to be vaccinated against COVID-19 after denying her a requested religious exemption under that policy.  Without reaching the merits of those claims, however, the action will be dismissed for lack of subject-matter jurisdiction.

**I.   Background**

Plaintiff Judith Wilson was previously employed as social worker and supervisor at the Massachusetts Department of Children and Families ("DCF") during three separate periods between 1989 and 2021.  (Compl. ¶ 3-5).  She is also a "devoted Christian," who believes that the use of vaccines is forbidden by her faith.  (*Id.* ¶ 5).  DCF is a state agency of the Commonwealth of Massachusetts.

In response to the COVID-19 pandemic, Governor Charlie Baker issued Executive Order 595, which (among other things) directed that all state executive department employees show that they had received COVID-19 vaccination by October 17, 2021. (Compl. ¶ 6). The order required that state agencies implement a procedure to allow exemption from the vaccination requirement where a reasonable accommodation could be reached for any employee not able to receive vaccination based on medical disability or a sincerely held religious belief. Office of Governor Charlie Baker, Exec. Order No. 595 (Aug. 19, 2021).

At the time of the executive order, Wilson was employed by DCF. (Compl. ¶¶ 6-7). Following DCF's internal procedures, presumably created to comply with the executive order, plaintiff requested a religious exemption to allow her to decline vaccination. (*Id.* ¶ 7). DCF denied that request. (*Id.*). Although the complaint is unclear, it can be inferred that plaintiff was terminated from her employment at some point after her request was denied.

On June 3, 2024, plaintiff brought this suit against DCF directly, alleging that her termination violated her right to the free exercise of religion under the First Amendment (Count 1), and her right to equal protection under the Fourteenth Amendment (Count 2).

**II.     Legal Standard**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994). A plaintiff in a federal forum bears the burden of establishing that the federal court has subject-matter jurisdiction. *See Gordo-González v. United States*, 873 F.3d 32, 35 (1st Cir. 2017). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004); *In re Recticel Foam Corp.*, 859 F.2d 1000, 1002 (1st Cir. 1988) ("It is too elementary to warrant citation of authority that a court has an obligation to inquire *sua sponte* into its subject-matter jurisdiction, and to proceed no further if such jurisdiction is wanting.").

In conducting that review, the Court must liberally construe the petition because plaintiff is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Even granting that liberal construction, however, the action is subject to dismissal.

### III.   Analysis

#### A.   Construing the Complaint

The complaint seeks to assert claims under the First and Fourteenth Amendments to the U.S. Constitution. 42 U.S.C. § 1983 is the mechanism through which a plaintiff can bring direct constitutional claims. *See Sacred Feather v. Merrill*, 2008 WL 2510100, at *2 (D. Me. June 19, 2008), *adopted*, 2008 WL 4791897 (D. Me. Oct. 29, 2008) (citing courts finding no direct cause of action under the U.S. Constitution). Without a viable § 1983 claim, there is no vehicle to pursue any direct claims. *See Colon Berrios v. Hernandez Agosto*, 716 F.2d 85, 88 (1st Cir. 1983) ("[M]ay one whose cause of action under 42 U.S.C. § 1983 is barred by an accepted judicial interpretation of that act, avoid that bar by recategorizing the claim? The answer is 'No.'"). Therefore, the claims contained in the complaint are properly brought under § 1983.

#### B.   Sovereign Immunity

"As a general matter, states are immune under the Eleventh Amendment from private suit in the federal courts, absent their consent." *Wojcik v. Massachusetts State Lottery Comm'n*, 300 F.3d 92, 99 (1st Cir. 2002) (quotations omitted); *see also Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (unless a State has "waived its Eleventh Amendment immunity or Congress has overridden it, . . . a State cannot be sued directly in its own name regardless of the relief sought."). This immunity extends to any entity that is an "arm of the state." *Wojcik*, 300 F.3d at 99.

The Eleventh Amendment has two essential exceptions. "First, Congress may abrogate a State's immunity by expressly authorizing such a suit pursuant to a valid exercise of power.

Second, a State may waive its sovereign immunity by consenting to be sued in federal court." *Maysonet-Robles v. Cabrero*, 323 F.3d 43, 49 (1st Cir. 2003) (citations omitted).  A plaintiff may also seek prospective injunctive relief against a state official for an ongoing violation of federal law.  *See Rosie D. v. Swift*, 310 F.3d 230, 234 (1st Cir. 2002).  Eleventh Amendment immunity is jurisdictional in nature, and "absent waiver, neither a State nor its agencies acting under its control may be subject to suit in federal court."  *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy Inc.*, 506 U.S. 139, 144 (1993).

Here, DCF is an "arm of the state" and is thus protected by Eleventh Amendment immunity, unless one of the exceptions applies.  *See Town of Barnstable v. O'Connor*, 786 F.3d 130, 138 (1st Cir. 2015) (noting that sovereign immunity extends to state instrumentalities).

As to the first two exceptions, Congress has not abrogated, and Massachusetts has not waived, its Eleventh Amendment immunity for civil-rights claims brought under 42 U.S.C. § 1983.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Coggeshall v. Massachusetts Bd. of Registration of Psychs.*, 604 F.3d 658, 662 (1st Cir. 2010).

Furthermore, and in any event, § 1983 does not apply to state agencies.  To state a valid claim under § 1983, a complaint must allege that a "person" acting under color of state law deprived the plaintiff of "rights, privileges or immunities secured by the constitution." 42 U.S.C. § 1983.  It is well-settled, however, that neither a state nor its agencies are "persons" within the meaning of § 1983.  *See Poirier v. Massachusetts Dep't of Corr.*, 558 F.3d 92, 97 & n.6 (1st Cir. 2009); *Brady v. Dill*, 24 F. Supp. 2d 129, 130 (D. Mass. 1998) (citing *Will*, 491 U.S. at 70-71); *see also Cook v. McLaughlin*, 917 F. Supp. 79, 82 (D. Mass. 1996).

As to the last exception, this suit has been brought against DCF directly, rather than against a state official, and thus the exception cannot apply.  *Cf. Rosie D.*, 310 F.3d at 237.

Moreover, the complaint does not seek any prospective relief for any ongoing violation of law, but rather retrospective relief for plaintiff's allegedly unlawful termination. *Cf. id.*

Accordingly, because DCF is an arm of the state protected by sovereign immunity, and none of the exceptions to that immunity apply, the complaint will be dismissed for lack of subject-matter jurisdiction.

## IV.     Conclusion

For the foregoing reasons, this action is DISMISSED for lack of subject-matter jurisdiction. The clerk is instructed to enter a separate order of dismissal.

**So Ordered.**

Dated: June 14, 2024

/s/ F. Dennis Saylor IV  
F. Dennis Saylor IV  
Chief Judge, United States District Court